IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FRANKO ENRIQUE CENTENO SANCHEZ, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 9:26-CV-00247 |
| FIELD OFFICE DIRECTOR, ICE ERO | § | JUDGE MICHAEL J. TRUNCALE |
| HOUSTON; WARDEN, IAH SECURE ADULT | § | |
| DETENTION CENTER; SECRETARY, U.S. | § | |
| DEPARTMENT OF HOMELAND SECURITY, | § | |
| | § | |
| *Respondents.* | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Franko Enrique Centeno Sanchez ("Centeno Sanchez")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Centeno Sanchez is a foreign national of unspecified origin. [Dkt. 1]. On November 18, 2025, United States Immigration and Customs Enforcement ("ICE") detained Centeno Sanchez. *Id.* at 2.

On March 25, 2026, Centeno Sanchez brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex.

1

Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Centeno Sanchez argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Centeno Sanchez were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Centeno Sanchez's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Accordingly, Centeno Sanchez's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Centeno Sanchez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Centeno Sanchez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Centeno Sanchez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R.

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

§§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Centeno

Sanchez to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See*

*Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

It is therefore **ORDERED** that Centeno Sanchez's Petition for Writ of Habeas Corpus [Dkt.

1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a

**FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of April, 2026.**

_Michael J. Truncale_____
Michael J. Truncale
United States District Judge